CASS (CITIZENS' NAT. BANK v.). See Case No. 2,732.

CASSALLY (McNAUGHTER v.). See Case No. 8,911.

CASS COUNTY (JORDAN v.). See Cases Nos. 7,517 and 7,518.

CASS COUNTY (KENNARD v.). See Case No. 7,697.

CASS COUNTY (WASHBURN v.). See Case No. 17,213.

CASSEDY (UNITED STATES v.). See Case No. 14,745.

---

## Case No. 2,501.

### CASSEDY v. WILLIAMS.

[Hayw. & H. 151.] [1]

Circuit Court, District of Columbia. Aug. 28, 1843.

PAYMENT—SPURIOUS BANK NOTES.

Where notes of a bank were given in payment of a negro boy, and the party paying the same knew that the said notes were issued without the authority of the corporation, by individuals using the name of such bank or corporation, for the purpose of deceiving and defrauding the public, the passing of said notes was no payment for the purchase of said boy.

At law. The defendant [William H. Williams] purchased, on the 9th of October, 1840, a negro boy, of the plaintiff [William H. Cassedy], at Leesburg, Va., for $600, and paid for the boy the amount in "Millington" money. A few days after the sale the Millington Bank failed, and its paper became utterly worthless. The plaintiff sued for the amount.

Jos. H. Bradley, for plaintiff.
Brent & Brent, for defendant.

Counsel for plaintiff contended that the bank originated in the grossest fraud; that the defendant had good reason to know of the insolvency of the bank at the time of the payment of the money. On the part of defendant it was contended that the money circulated as current money for several days subsequent to the day of sale, and that he was ignorant of the condition of the bank and paid the money in good faith.

The points of law raised will appear in the following prayers:

"If the jury shall find from the evidence that the plaintiff at the time of selling said negro boy received in payment therefor the sum of $600 in the notes of the Commercial Bank of Millington, then, to entitle the plaintiff to recover, the jury must be satisfied that the plaintiff tendered said notes before suit brought, to defendant or his agent, or at the residence or place of business of defendant or his agent." Refused.

"If the jury believe from the evidence that the plaintiff sold the negro boy and received in payment therefor $600 in the notes of said bank, and that said notes were genuine notes of said corporation, then the defendant was not responsible for the payment of said notes, unless he acted in bad faith, and there is no evidence in this cause that defendant did act in bad faith." Refused.

"If the jury find from the evidence that the defendant had no superior means of knowing the worthlessness of the paper of said bank than the plaintiff might have had by

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

the exercise of due diligence and reasonable inquiries, then there was no bad faith on the part of defendant in passing said paper, even if the jury find that defendant, through his agent, did pass such paper, knowing it to be worthless, and did not disclose his knowledge to the plaintiff." Refused.

"If the jury believe from the evidence that the plaintiff sold the negro boy and received in payment therefor the said notes, and that the plaintiff did pass away any part of said amount, then the plaintiff cannot recover in this action, although he may have tendered the residue of said money to defendant before suit, or may have produced it in court as stated in the evidence." Refused.

"If the jury find from the evidence that there were acts of user under the act of the legislature of Maryland incorporating the said Commercial Bank of Millington, and that the notes paid to plaintiff were genuine notes, signed by the acting cashier and president of the Commercial Bank of Millington, and that said notes were of value in the market at the time of passing them to the plaintiff, and that the Bank of Millington did redeem its notes until October 13, 1840, then the defendant, by passing said notes, cannot be liable, although he might have apprehended insolvency in said bank, and might have believed that it would sooner or later fail." Refused.

"Notwithstanding the jury may be satisfied from the evidence that the said notes, passed by the defendant to the plaintiff, would not have been paid at the bank if presented at the time they were passed, the defendant is not responsible for the non-payment by the bank, and only undertook that the said notes were as they purported to be, genuine notes of the said bank, unless it be proved by satisfactory evidence that at the time the said notes were passed the defendant knew that the same would not be paid." Refused.

"If the jury shall find from the evidence that the plaintiff received in payment for his negro boy the sum of $600 in notes of the Commercial Bank of Millington, and that said notes were passed in good faith to plaintiff, then the plaintiff is not entitled to recover, notwithstanding the jury shall find that the defendant purchased said slave by his agent, and notwithstanding the said notes were in fact utterly worthless and were of no value to plaintiff, if such worthlessness was not known to the defendant at the time of such purchase." Granted, and excepted to by counsel for plaintiff.

"If the jury believe from the evidence that the witness, agent for said defendant, paid for the negro boy purchased from plaintiff out of his own money and for his own benefit, and that the defendant never received any benefit from said purchase, then the plaintiff is not entitled to recover, notwithstanding the jury shall believe that said witness was general agent for defendant to purchase negroes in the fall of 1840, and notwithstanding the money paid to plaintiff was utterly worthless and notwithstanding the defendant and said witness knew said paper to be worthless." Granted, and excepted to by counsel for the plaintiff.

"Should the jury be satisfied from the evidence that the defendant paid the plaintiff $600, the amount claimed, in notes of said bank as the consideration for the purchase of the said negro boy, and that the same were accepted without objection by the plaintiff, and that the said notes were current at the place of payment, previous to and upon the day of sale when said payment was made, and that said bank did not stop payment until four days thereafter, and that said notes were current at the Chesapeake Bank in Baltimore, Maryland, and not dishonored or discredited there until the day after said sale, or thereafter, and that said payment was made bona fide, and that the plaintiff has failed to prove by satisfactory evidence that the defendant knew or had good reason to believe at the time of said payment that the said bank was in failing circumstances, and would not redeem the said notes, and that the plaintiff has also failed to prove by satisfactory evidence that the said defendant was connected with the bank in fraudulently circulating the said notes, then the said payment in said notes was a valid one, and the said negro was paid for by the defendant and the plaintiff cannot recover in this action, and the defendant is entitled to a verdict in his favor." Granted, and excepted to by counsel for the plaintiff. Judge Thruston absent.

"Should the jury be satisfied from the evidence that the defendant was the holder of the bank notes passed to the plaintiff in payment of the negro boy, the law presumes the defendant to be a bona fide holder of the same for a valuable consideration, unless the contrary be proven." Granted, and excepted to by counsel for the plaintiff. Judge Thruston absent.

"That the defendant is not liable by reason of the non-payment of the said supposed Millington Bank, although they would not have been paid by said supposed bank if they had been presented for payment on the day on which they were paid by the defendant to the plaintiff, unless the defendant then knew, or had good reason to believe that they would not be paid when presented, and did not disclose such knowledge and reason to the plaintiff." Granted, and excepted to by counsel for the plaintiff.

"If the jury find from the evidence that the bank notes were issued and circulated by persons exercising powers under the acts of Maryland incorporating the said Commercial Bank of Millington, then it is not competent for the plaintiff to deny the existence of said corporation." Granted, and excepted to by counsel for the plaintiff.

"But if from the evidence the jury shall be

of opinion that the said notes were issued by certain individuals using the name of the Commercial Bank of Millington, without the authority of said corporation, and for the purpose of deceiving and defrauding the public, then it is competent for the jury to find such fraud, and if from the said evidence, they shall be further of opinion that the said defendant knew or had reasonable cause to believe the existence of said fraud before the said notes were so passed to said plaintiff, then the passing of the said notes if passed by the agent of said defendant was no payment for the purchase of said negro boy." Granted, nem. con.

Verdict was for the plaintiff for $575, with interest from October 9, 1840.

The defendant moved in arrest of judgment. After argument by the counsel, and after due consideration, the court overruled the motion, and judgment was entered on the verdict.